THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant. [994 NYS2d 112]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered May 25, 2011, convicting defendant, after a jury trial, of sexual abuse in the first degree, endangering the

welfare of a vulnerable elderly person in the second degree, and endangering the welfare of an incompetent or physically disabled person, and sentencing him to an aggregate term of seven years, unanimously affirmed.

Defense counsel's argument that the lack of vaginal injury refuted the testimony that defendant had sexual intercourse with the victim opened the door to the victim's testimony that defendant had inserted his fingers into her vagina on previous occasions. The parties submitted conflicting expert testimony as to the effect of such prior conduct on the likelihood that physical injury would result from forcible penetration. The court properly declined to hold a hearing on the issue of whether the victim's claims as to the uncharged crimes were reliable. The court had already found the victim competent to testify under oath, notwithstanding any cognitive or communicative limitations resulting from her medical condition, and it properly permitted the jury to assess the reliability and credibility of her testimony about defendant's prior conduct (*see People v Dominguez*, 247 AD2d 282 [1st Dept 1998], *lv denied* 91 NY2d 1007 [1998]).

Defendant's challenge to the jury charge is essentially a claim of duplicitousness, which requires preservation (*see People v Becoats*, 17 NY3d 643, 650-651 [2011], *cert denied* 566 US —, 132 S Ct 1970 [2012]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find defendant's claim unavailing.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.